IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JANE F. MCNUTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-05-64 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of the Social | § | |
| Security Adiminstration, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Jane F. McNutt's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 21) and Defendant Michael J. Astrue's ("the Commissioner") Motion for Summary Judgment (Dkt. No. 20). After consideration of the motions, record, and applicable law, the Court finds that Plaintiff's motion should be DENIED and Defendant's motion should be GRANTED.

**Background**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner denying Plaintiff's claim for a period of disability and for disability insurance benefits. Plaintiff is a 61-year-old (Tr. 36, 597) with past work experience as an office manager, receptionist, and bookkeeper (Tr. 14, 37-38). Plaintiff testified that she completed the 8th grade, and although she attempted to complete a GED program, she never passed the GED exam (Tr. 37).

Plaintiff filed her application for benefits in August 2001 (Tr. 597-99), alleging that she was disabled due to panic and anxiety disorders and a variety of stomach and liver problems (Tr. 14).

Plaintiff alleged that her disabilities had an onset date of June 30, 1996 (Tr. 13-14). Her claims were denied by the Commissioner (Tr. 606-10) and again on reconsideration (Tr. 600-03). Upon request, on March 8, 2002, an Administrative Law Judge ("ALJ") held a hearing on the matter (Tr. 31), which Plaintiff failed to attend (Tr. 13). A subsequent hearing was held on April 22, 2003 (Tr. 13). The ALJ ultimately issued an opinion dated May 30, 2003 finding that, among other things, Plaintiff had the severe impairments diabetes, hypertension, and coronary artery disease; Plaintiff did not have a medically determinable impairment that met the listed impairments; Plaintiff's complaints of disabling symptoms and related limitations—while functionally confining to some extent—did not establish disability within the meaning of the Social Security Act; and Plaintiff had the residual functional capacity to perform her past relevant work as an office manager (Tr. 17). Plaintiff requested review of the decision, and the Appeals Council denied the request on the basis that it failed to provide a basis for modifying the ALJ's decision (Tr. 3-5). The above-captioned civil action followed. Dkt. No. 3.

## Standard

The Court's review of the Commissioner's final decision to deny disability benefits is limited to two issues: whether substantial evidence in the record supports the decision, and whether proper legal standards were used to evaluate the evidence. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

If the findings of fact contained in the Commissioner's decision are supported by substantial evidence, they are conclusive and this Court must affirm. The widely accepted definition of "substantial evidence" is more than a mere scintilla, but less than a preponderance. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). "It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In applying this standard, the Court is to review the entire record, but it may not reweigh the evidence, decide the issues de novo, or substitute the Court's judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Only if no credible evidentiary choices of medical findings exist to support the Commissioner's decision should the Court overturn it. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court reviews the legal standards applied by the Commissioner de novo.

To claim entitlement to disability benefits, a claimant must show that she was disabled on or before the last day of her insured status. *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979). The legal standard for determining disability under the Act is whether the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is capable of performing any "substantial gainful activity," the regulations provide that the Commissioner should evaluate disability claims according to the following sequential five-step process:

(1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

(2) a claimant will not be found to be disabled unless she has a "severe impairment;"

(3) a claimant whose impairment meets or is equivalent to an impairment listed in an Appendix to the regulation will be considered disabled without the need to consider vocational factors;

(4) a claimant who is capable of performing work she has done in the past must be found

"not disabled;" and

(5) if the claimant is unable to perform her previous work as a result of her impairment, then factors such as age, education, past work experience, and residual functioning capacity must be considered to determine whether she can do other work.

*See* 20 C.F.R. § 404.1520(b)-(f); *see also Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

To be entitled to benefits, a claimant bears the burden of proving that she is unable to engage in substantial gainful activity within the meaning of the Social Security Act. *See Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The claimant must show that she suffers from a mental or physical impairment that not only renders her unable to perform her previous work, but, given her age, education, and work experience, prevents her from engaging in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir. 1980). However, if the claimant can show that she can no longer perform her previous job, the burden then shifts to the Commissioner to show that there exists some other form of substantial gainful employment that the claimant can perform. *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980). By judicial practice, this translates into the claimant bearing the burden of proof on the first four of the above steps and the Commissioner bearing it on the fifth. *See Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999).; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The analysis stops at any point in the five step process upon a finding that the claimant is or is not disabled. *See Greenspan*, 38 F.3d at 236.

**Analysis**

Plaintiff presents five grounds for reversal. First, substantial evidence does not support the ALJ's assessment of credibility, particularly that of Plaintiff and her two daughters. Second, substantial evidence does not support the ALJ's assessment of medical evidence, to wit, the discounting of the testimony of Plaintiff's primary treating physician and the crediting of that of the reviewing medical expert. Third, substantial evidence does not support the ALJ's finding that Plaintiff's mental impairments were not severe prior to December 31, 2000 (the date Plaintiff last met the disability "insured status" requirements of the Social Security Act). Fourth, substantial evidence does not support the ALJ's finding that Plaintiff was not disabled prior to December 31, 2000. And finally, substantial evidence does not support the ALJ's finding that Plaintiff did not meet or equal a listing.

Plaintiff first argues that the ALJ did not sufficiently credit her testimony or that of her two daughters. Such credibility determinations are entirely within the province of the ALJ and the ALJ need not give greater weight to a plaintiff's subjective complaints than contrary objective medical evidence. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir.1994). Although the ALJ did not specifically articulate a discounting of the Plaintiff and her daughters' testimony, the record indicates that their testimony was taken into account and not given controlling weight when determining whether Plaintiff was disabled as that term is defined by the Social Security Act. The ALJ stated that he "considered the credibility of the claimant's symptoms" and went on to detail Plaintiff's relevant testimony, portions of which were parroted by her daughters (Tr. 15, 57-69). Despite Plaintiff's testimony concerning the limitations imposed by her various medical conditions, reports from Plaintiff's primary treating physician, Dr. Atique Kahn ("Dr. Kahn"), indicated improvement

concerning her symptomology with treatment (Tr. 294, 298) (observing positive improvement in Plaintiff's symptoms based on medication taken). Similarly, a report from another physician Plaintiff visited indicated that her symptoms were at least at times adequately controlled without significant side effects from the treating medication. (Tr. 493) (noting that Plaintiff's depression and anxiety related symptoms were controlled).

Moreover, although Plaintiff testified that she was unable to work based on her ailments, she stated via affidavit that she quit working because her company went bankrupt, not because of a substantially limiting impairment (Tr. 99-100). Plaintiff's ability to perform a number of routine daily activities further belies her claim of disability. While Plaintiff stated by affidavit that she is unable to lift much weight, stoop down, or sit in or get out of a bath, experiences back and knee pain, and feels pangs of anxiety in a variety of settings, she also stated that she plays computer games, reads email, watches television, and performs some housework on a daily basis (Tr. 102-03). The performance of daily activities such as these are relevant when evaluating the credibility of a Plaintiff's claims of disability. *See Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990). Based on the above, the Court finds substantial evidence supporting the ALJ's disability determination and defers to the apparent credibility assessment of the ALJ in this case.

Plaintiff next argues that the ALJ improperly rejected the opinion of Plaintiff's primary treating physician, Dr. Kahn. The ALJ need not take the treating physician's word as gospel, but can reject it for good cause. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). The opinion of a treating physician that a claimant is "disabled" or "unable to work," moreover, is not the type to be given controlling weight, as such legal conclusions are left to the Commissioner. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th 2003). Indeed, such opinions by treating physicians "have no 'special

significance.'" *Id.* Finally, "[t]he law is clear that, although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (Former 5th Cir. Unit B 1981) (rejecting the conclusory statement of treating physician in favor of conclusions of reviewing physician).

The ALJ stated that he "considered [Dr. Kahn's] August 1998 statement that the claimant was unable to work due to anxiety . . . [however, the reviewing physician] Dr. [Ann] Tuberville ("Dr. Tuberville") testified at the hearing that Dr. Kahn's supporting notes reflected that the claimant's symptoms were stable. . . . [and] I conclude that Dr. Kahn's opinion regarding the claimant's ability to work warrants no probative value." (Tr. 16). Notably, Dr. Kahn failed to explain precisely how he arrived at his conclusion that Plaintiff was unable to work (Tr. 296). The physicians Plaintiff visited in addition to Dr. Kahn at no time appear to have stated, with supporting explanation, that Plaintiff was disabled or otherwise unable to work. To the contrary, after reviewing Plaintiff's medical notes, Dr. Tuberville testified to the lack of documentation as to the severity of Plaintiff's conditions and to her perception that, when placed on corrective medication, Plaintiff was stable. (Tr. 51-52, 70).

Furthermore, while it is true that Plaintiff complained of stomach pain and was subjected to an esophagogastroduodenoscopy with small intestine endoscopy (Tr. 311-12) and colonoscopy (Tr. 305-06), neither of these examinations provide evidence of a malignancy (305-05, 311-12, 308-09). And although a subsequent computed axial tomography scan of Plaintiff's abdomen did reveal an enlarged liver, Plaintiff's physician did not report this impairment as disabling (Tr. 315-16). Accordingly, Dr. Kahn's opinion that Plaintiff was "unable to work" is not controlling, and

substantial evidence exists in the record supporting the ALJ's findings. The ALJ was entitled to rely on the reviewing physician, properly did so, and substantial evidence supports the ALJ's assessment of the medical evidence and his conclusions therefrom.

Plaintiff's next two grounds of attack—that the ALJ's findings that (1) Plaintiff's mental impairments were not severe prior to December 31, 2000 and (2) Plaintiff was not under a disability prior to December 31, 2000 are not supported by substantial evidence—are essentially one and the same and the arguments asserted in support thereof are nearly identical. Based on the discussion above, specifically the opinion of Dr. Tuberville and the portions of the record indicating Plaintiff was able to perform a variety of daily activities and medicate her symptoms without significant side effects, the Court finds substantial evidence in the record supporting the ALJ's findings. Plaintiff's arguments to the contrary are without merit.

Finally, Plaintiff's contention that the record is bare of substantial evidence supporting the ALJ's finding that Plaintiff failed to meet the requirements of Section B or C under Listing 12.06 (20 C.F.R. Part 404, Subpart P, Appendix 1) (Tr. 15) is unavailing. Dr. Tuberville specifically testified that she did not believe Plaintiff met the listing requirements (Tr. 16, 51-52, 70) and, when placed in context of the medical record discussed above, substantial evidence exists supporting the ALJ's determination.

## Conclusion

For the reasons stated above, the Commissioner's motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED.

It is so ORDERED.

Signed this 18th day of February, 2009.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

8